ORDER and MEMORANDUM *
Judges Silverman and Fletcher vote to grant the petition for panel rehearing (ECF No. 75). Judge Callahan votes to deny the petition for panel rehearing. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to hear the matter en banc. See Fed. R.App. P. 35.
The petition for panel rehearing is granted, and the petition for rehearing en banc is denied.
The Memorandum Disposition filed October 24, 2013 is WITHDRAWN and replaced with the following Memorandum Disposition:
Relator Michael Perry appeals from the district court’s order dismissing Perry’s second amended complaint with prejudice. The district court ruled that Perry’s claims failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b). We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part and remand.
Perry generally alleges that defendants violated the False Claims Act, 31 U.S.C. § 3729, by knowingly and intentionally submitting bills to the State of Oregon for work and materials that did not meet state quality assurance standards, causing Oregon to submit false claims to the federal government for reimbursement of federal highway apportionment funds. In his second amended complaint, Perry offers a number of “representative examples” of *670 what he alleges was a broad scheme of fraud, spanning more than 200 contracts. Because these examples describe a wide variety of alleged violations, they do not serve to allege with particularity the “who, what, when, where and how” of a consistent course of fraudulent conduct. See, e.g., United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc., 687 F.3d 1047, 1054-55 (9th Cir.2011) (False Claims Act complaint must satisfy Federal Rules of Civil Procedure 8(a) and 9(b)); Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir.2010) (False Claims Act complaint must satisfy the heightened plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), cert. denied, — U.S. —, 131 S.Ct. 801, 178 L.Ed.2d 546 (2010). Because we find that Perry’s second amended complaint fails to meet the burden of Rule 9(b) for such conduct, we do not need to address whether the factual allegations contained in his complaint are plausible under Rule 8(a).
Although we agree that Perry’s second amended complaint did not meet the requirements of Rule 9(b) for a consistent course of fraudulent conduct, the district court should have granted Perry a further opportunity to amend. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be fi-eely granted “when justice so requires.” A relator “is not required to allege all facts supporting each and every instance” of fraudulent billing. Ebeid, 616 F.3d at 999 (internal quotation marks omitted). Rather, “it is sufficient to allege ‘particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.’” Id. at 998-99 (quoting United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir.2009)).
“Under futility analysis, ‘[dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.’” United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir.2011) (quoting Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Education, 616 F.3d 963, 972 (9th Cir.2010), cert. denied, — U.S. —, 131 S.Ct. 1678, 179 L.Ed.2d 615 (2011)). While Perry’s use of “representative examples” does not succeed in alleging with particularity a consistent course of conduct, or scheme of systemic fraud, Perry’s complaint contains specific examples that, if brought as individual claims, could potentially provide sufficient particularity to satisfy Rule 9(b).
Because it is not clear that Perry’s complaint could not have been saved by any amendment, we reverse the district court’s dismissal and remand to allow him an opportunity to amend to narrow his complaint.
REVERSED in part and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.